Judge Underwood,
delivered the opinion of the court.
Caldwell as sheriff, in virtue of an execution against A. McKee, sold a slave claimed by Mrs. Drake the appellee, as her property. She for that cause instituted an action of detinue against Caldwell and recovered. It was proved that McKee’s wife lived with Mrs. Drake from 1814, up to 1820, when the marriage took place. In August, 1826, McKee’s wife executed to Mrs. Drake a bill of sale for the slave in controversy, for the consideration of $300 in hand paid, as expressed upon the face of the instrument. It was *247 proved by the subscribing witnesses, that the consideration was made up of $225, which was allowed to Mrs. Drake fpr boarding Mrs. McKee between 1814, and 1820, prior to the marriage, $50 paid down in silver and $25, for which Mrs. Drake gave her note. McKee was not present when his wife executed the bill of sale in her own name. In August, 1827, McKee signed the same bill of sale and the day after Mrs. McKee was seen going with the slave to Mrs. Drake’s, where the slave was left. After McKee’s pecuniary embarrassment in 1826-7, was clearly shown and various facts proved inducingto the belief thatthe arrangement between Mrs. .Drake and Mrs. McKee was designed to protect the property against the claims of McKee’s creditors and after the conclusion of the testimony, the defendant moved the court to instruct the jury “that if they should' be of opinion from the evidence that no contract was made between Mrs. McKee, when a feme sole and the plaintiff, whereby the former undertook or promised to pay the latter for her board whilst she lived with the plaintiff, that the plaintiff acquired no right of action against McKee the husband upon his marriage for the board.” The court refused the instruction and the defendant excepted.
To create re-for board of wife duni eola„ leenb^und176 been oun '
Court may . refuse to give. the jury.'
The court ought, in our opinion, to have ’given the instruction. If Mrs. Drake had received Mrs. McKee into her house as a stranger and a guest in 1814, and there was no contract expires or implied by which the latter became bound to pay for board to the former, it is very obvious that no principle of law would make the husband liable upon the marriage in 1820. Whether the services of Mrs. McKee in the family of Mrs. Drake were worth her board was not inquired into, nor was it proper to go into that inquiry, for the record exhibits no facts from which a contract, either express or implied to pay board, can be inferred. The proposition contained in the instruction, that if there was no contract, there was no liability, was strict law unincum-bered by other considerations.
If, however, it was merely abstract, then the court might properly refuse it. But we cannot regard it in that light. Caldwell was endeavoring to defend himself by showing thatthe bill of sale was in fact fraudu-jent ás to creditors and that he had a right to sell the *248 slave under the execution against McKee. Now the considertion of the bill of sale in this view was highly important. He had shown by one witness that the $50 paid in hand, had been borrowed and returned in a few days to the lender, but whether the identical dollars were returned or not, is not known. By another, it was stated that the $25 note was discharged by the hire of the slave to Mrs. McKee. Without commenting on the inferences which the jury might have been warranted in drawing from these facts, we deem it clear, that if they were of opinion from the proof that there was no valuable consideration to the extent of $225 for the bill of sale, that fact would have justified inferences and .conclusions in the minds of the jurors which might be important in deciding the cause.
If refusing instruction, erroneous, it is cause ofrever-sal.
Daviess, for appellant; Chctpeze, for appelleé.
The refusal of the court to give the instruction was calculated to impress the minds of the jury with the belief that McKee was bound to pay the $225 for his wife’s board, and that there was a legal consideration to that extent supporting ih.e bill of sale, when, if there was n;o contract to pay board, there was no legal liability. .If there ever existed any such liability we do not perceive any reason. for Mrs. Drakes delay in asserting her claim. This and other circumstances which we shall forbear to comment on (because, in another trial the facts may assume a different aspect) incline us to the opinion that the court should have granted a new trial. The error in refusing the instruction requires a reversal.
Wherefore, the judgment is set aside and a new tria) awarded, to be conducted in conformity to this opinion.’
The appellant must recover his costs.